UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM P. GALLOWAY | ) | CASE NO. 5:09CV02834 |
| Plaintiffs, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| TIMOTHY A. SWANSON, et al., | ) ) | [Resolving Docs. 118, 160] |
| Defendants. | ) ) | |

This matter comes before the Court on Defendant Dr. Jeffery Duffey's motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(c) and 12(d), as well as his motion for summary judgment under Rule 56.  Docs. 118, 160.  The Court has reviewed the motions, responses, pleadings, and applicable law.  For the reasons stated herein, the Court GRANTS Dr. Duffey's motion for judgment on the pleadings and his motion for summary judgment.  Accordingly, the Court dismisses all five claims against Dr. Duffey.

**I.     BACKGROUND**

Decedent Steven Galloway was a military veteran diagnosed as a paranoid schizophrenic, a mental disorder that led to his discharge from the military and contributed to minor scrapes with the law.  Doc. 179 at 5.  On Sunday, June 1, 2008, the Canton Police Department arrested Mr. Galloway at 3:30 p.m. for criminal trespass and resisting arrest.  Doc. 178-14 at 14.  Following his arrest, the police took Mr. Galloway to the Stark County Jail.  *Id.* at 9.  Before his arrest, Mr. Galloway had served two brief periods of incarceration in the Stark County Jail, one in 1999 and one from 2000-2001.  Doc. 179 at 5.

According to written medical and mental health agreements between Stark County and Correctional Health Care Group, Inc. ("CHCG"), it is the responsibility of CHCG nurses to decide whether an individual is capable of admittance into the Jail or is in need of outside medical treatment. Doc. 98-2 at 21, 103. Upon Mr. Galloway's arrival at the Jail, CHCG Nurse Rick Blackwell performed a mandated medical and mental health screening on him. *Id.* at 103. Notwithstanding the fact that he considered Mr. Galloway's behavior during the screening to be "delusional," Nurse Blackwell admitted Mr. Galloway to the jail. Doc. 169 at 41. Mr. Galloway's delusional behavior included arguing with his own right hand and "accus[ing] [Nurse Blackwell] of working for somebody that he thought was after him." *Id.* at 50, 59. Mr. Galloway denied having thoughts of hurting himself or committing suicide, but when Nurse Blackwell asked him about a large blister on the index finger of his right hand, Mr. Galloway told Nurse Blackwell "it needed punishment and I handled it." *Id.* at 59-60.

No member of CHCG's mental health staff was at the Jail during Mr. Galloway's screening. *See* Doc. 169 at 28. As such, Nurse Blackwell himself placed Mr. Galloway on psychiatric seclusion precautions with observations every fifteen minutes for self-harm. *Id.* at 28, 60; Doc. 178-6 at 13. Nurse Blackwell also ordered the corrections officers to give Mr. Galloway a suicide precaution blanket and a precaution mattress. Doc. 178-17 at 1. Nurse Blackwell claims that he placed Mr. Galloway on self-harm observations because he believed Mr. Galloway to be bipolar and experiencing a mania phase. Doc. 169 at 68. On June 2, 2008, at approximately 2:00 a.m., corrections officers placed Mr. Galloway in the Jail's mental health unit ("D Section"). Doc. 178-17 at 1. Dr. Thomas Anuszkiewicz, the Jail's psychologist and clinical director, Doc. 98-1 at 10, approved Nurse Blackwell's orders via telephone around 6:00 a.m. that morning, Doc. 178-6 at 13. Pursuant to a standing order of Defendant Jeffery Duffey,

the Jail's medical director and a subcontractor of CHCG, Nurse Blackwell also placed Mr. Galloway on respiratory isolation for refusing a tuberculosis test during his screening. Doc. 98-2 at 131; Doc. 178-6 at 13; Doc. 169 at 52.

On June 2, 2008, at 10:50 a.m., Dr. Anuszkiewicz declined to continue psychiatric seclusion precautions and self-harm observations and placed Mr. Galloway on observations every fifteen minutes for odd behavior. Doc. 178-6 at 13. Mr. Galloway exhibited erratic behavior for the duration of his detention. *See* Doc. 171-3. For example, on the morning of June 3, 2008, Mr. Galloway caused a disruption when he masturbated in front of other male inmates and nurses. *Id.* at 6. At approximately 7:00 p.m. that same day, Mr. Galloway attempted to open a window, telling a corrections officer "I need to see who's out there." Doc. 178-16 at 3. When the officer ordered Mr. Galloway to return to his cell, Mr. Galloway "took an aggressive stance, began looking at his fingernails on his right hand, and breathing deeply." *Id.*

The housing log for D Section reflects that, contrary to their deposition testimony, Dr. Anuszkiewicz and Dr. Jitendra Cupala, the Jail's psychiatrist, did in fact visit Mr. Galloway, doing so at 9:53 a.m. on June 4, 2008. Doc. 178-15 at 20. The housing log reflects that during their visit Dr. Anuszkiewicz and Dr. Cupala ordered corrections officers to take two blankets and a sheet from Mr. Galloway and give him a suicide precautions blanket. Doc. 178-15 at 20. The housing log does not indicate that Dr. Duffey visited Mr. Galloway that day. *See* Doc. 178-15 at 20. Likewise, Dr. Duffey testified during his deposition that at no point did he see Mr. Galloway, provide him with medical treatment, or review his medical records. Doc. 118-2 at 133-34. There is no further testimony or documentation before the Court regarding the visit Dr. Anuszkiewicz and Dr. Cupala made to Mr. Galloway on June 4, 2008. According to Dr. Anuszkiewicz and Defendant Jonathan Stump, the CEO of CHCG and the Jail's medical records

3

custodian, progress notes on Mr. Galloway from June 2, 3, and 4 are missing. Doc. 98-1 at 63; Doc. 98-2 at 60-61. Dr. Duffey testified that he does not retain medical records for individuals in the Jail. Doc. 118-2 at 17-18.

At 2:00 p.m. on June 4, 2008, Corrections Officer Jeff McCollister began a shift of the D Section. Doc. 178-15 at 22. At that time, corrections officers were to observe Mr. Galloway every fifteen minutes for odd behavior. *Id.* Mr. Galloway was the only inmate in the D Section on any form of precautions or observations. *Id.* The housing log reflects that sometime before Officer McCollister began a round in the D Section he let Mr. Galloway out of his cell to use a phone. *Id.* at 23. The housing log indicates that Officer McCollister observed Mr. Galloway on the phone twice between 5:33 p.m. and 6:05 p.m. *Id.* However, a review of the Jail's phone records indicated that Mr. Galloway never called anyone. Doc. 178-14 at 2. With Mr. Galloway still out of his cell, Officer McCollister began a medication round with Nurse Dawn Marshall at 6:20 p.m. Doc. 178-15 at 23. Shortly thereafter, Officer McCollister and Nurse Marshall found Mr. Galloway hanging from a 24-inch steel telephone cord in the rear of the D Section. Doc. 156 at 73. Emergency responders transported Mr. Galloway to Mercy Medical Center in Canton where he died on June 21, 2008, from a "near hanging." *See* Doc. 178-18.

## II.    PROCEDURAL HISTORY

On December 5, 2009, Plaintiff William Galloway (hereinafter "Plaintiff"), Mr. Galloway's brother, filed a complaint containing nine federal and state law claims against fifteen individually named defendants, as well as a designation of "JOHN AND JANE DOES 1-15." Doc. 1. Dr. Duffey was not a named defendant. On March 25, 2010, the Court ordered the parties to join additional parties and amend the pleadings by May 10, 2010. Doc. 49. On May 10, 2010, Plaintiff moved for an extension of time to file an amended complaint. Doc. 57. On

May 20, 2010, the Court granted this motion, giving Plaintiff until May 24, 2010, to file an amended complaint. Doc. 58. On May 24, 2010, Plaintiff attempted to file an amended complaint, Doc. 61. However, on May 25, 2010, the Court struck the amended complaint for failure to seek leave or written consent of the defendants as required by Federal Rule of Civil Procedure 15(a)(2). Doc. 63. The Court then gave Plaintiff until June 1, 2010, to file a motion for leave to file an amended complaint. *Id.*

On June 1, 2010, Plaintiff moved for leave to file an amended complaint *instanter*. Doc. 65. The Court granted the motion on July 7, 2010, but ordered Mr. Galloway to file an amended complaint reflecting the Court's termination of all claims against seven named defendants and the dismissal of a medical malpractice claim against Nurse Blackwell. Doc. 68. at 1. On July 9, 2010, Plaintiff filed an amended complaint complying with the Court's order, and, for the first time, named Dr. Duffey as a defendant. Doc. 69.

Plaintiff's amended complaint states five claims against Dr. Duffey: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1983 – *Monell*/failure to train and supervise; (3) wrongful death; (4) survivorship; and (5) spoliation. *See id.* On September 7, 2010, Dr. Duffey answered and raised several affirmative defenses, including failure to state a claim upon which relief can be granted. Doc. 99.

On November 3, 2010, Dr. Duffey moved for judgment on the pleadings under Federal Rules of Civil Procedure 12(c) and 12(d), attaching as an exhibit a certified copy of Dr. Duffey's deposition transcript. Doc. 118. In support of this motion, Dr. Duffey argues that the first four claims against him were filed in violation of the applicable statute of limitations and do not relate back to the original complaint. Doc. 118-1 at 5. Dr. Duffey argues that the spoliation claim must fail because the complaint failed to plead sufficient facts and there is uncontroverted

evidence that he never had any contact or responsibility for Mr. Galloway's records. *Id.* at 13. In opposition to this motion, Plaintiff argues that the Court should consider June 1, 2010, the date he sought leave to amend his complaint *instanter*, as the date he filed his amended complaint. Doc. 127 at 5. In the alternative, Plaintiff argues he is entitled to equitable tolling. *Id.* at 2.

On April 4, 2011, Dr. Duffey moved for summary judgment. Doc. 160. In support of this motion, Dr. Duffey argues that Plaintiff has failed to provide any evidence to support any of the five claims against him. *See id.* Plaintiff opposed Dr. Duffey's motion for summary judgment and argued that a genuine issue of material fact exists as to whether Dr. Duffey was deliberately indifferent to Mr. Galloway's medical condition during Mr. Galloway's detention in the Stark County Jail. Doc. 179 at 41. Plaintiff's opposition does not discuss the spoliation claim against Dr. Duffey. Both Dr. Duffey's motion for judgment on the pleadings and his motion for summary judgment are ripe for decision.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Furthermore, "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d).

The pleadings closed on September 9, 2010, when Dr. Duffey answered Plaintiff's amended complaint. Doc. 99. The Court has yet to set a trial date for this case. As such, Dr. Duffey timely filed his motion for judgment on the pleadings on November 3, 2010. The Court

6

chooses not to exclude the certified deposition transcript of Dr. Duffey attached to this motion. Doc. 118-2.  In addition, Plaintiff has had a reasonable opportunity to present material pertinent to this motion because he has filed an opposition both to this motion and to Dr. Duffey's motion for summary judgment.  Accordingly, the Court considers the arguments set forth by Dr. Duffey in both his motion for judgment on the pleadings and his motion for summary judgment under the standard for summary judgment.

Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment may satisfy its burden under Rule 56 in either of two ways: (1) "submit affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).  Likewise, the nonmoving party's burden of production "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.

**II.     ANALYSIS**

      **A. The 42 U.S.C. § 1983, 42 U.S.C. § 1983 – *Monell*/Failure to Train and Supervise, Wrongful Death, and Survivorship Claims Raised against Dr. Duffey in Plaintiff's Amended Complaint are Time-Barred.**

           **1.     Plaintiff's first four claims against Dr. Duffey are barred by applicable statute of limitations.**

Dr. Duffey asserts that the first four claims raised against him in Plaintiff's amended complaint were filed in violation of the applicable statute of limitations.  The two 42 U.S.C. § 1983 claims have a two-year statute of limitations in Ohio.  O.R.C. § 2305.10; *Nadra v. Mbah*,

893 N.E.2d 829, 835 (Ohio 2008). The wrongful death claim also has a two-year of statute of limitations. O.R.C. § 2125.02(D)(1). Plaintiff's survivorship claim regarding the medical care and treatment that Mr. Galloway received while detained in the Stark County Jail has a one-year statute of limitations.[1] O.R.C. § 2305.113. Plaintiff bases all four of these claims upon Mr. Galloway's June 21, 2008 death. As such, the statute of limitations expired on June 21, 2010, for the two § 1983 claims, as well as the wrongful death claim, and on June 21, 2009, for the survivorship claim. On July 9, 2010, after the statute of limitations expired, Plaintiff filed an amended complaint naming Dr. Duffey as a defendant for the first time. Doc. 69.

Plaintiff argues that the Court should deem his amended complaint filed on June 1, 2010, because this is when he moved the Court for leave to file an amended complaint *instanter*. As the Court stated when it granted Nurse Blackwell's motion to dismiss, there is no law to support such a proposition. Doc. 153 at 2. On July 7, 2010, the Court granted Plaintiff's motion and ordered him to file an amended complaint "forthwith." Doc. 68. at 1. In doing so, the Court allowed Plaintiff to file an amended complaint immediately after granting leave, which he filed on July 9, 2010. The Court does not deem Plaintiff's amended complaint filed at an earlier date.

### 2. Plaintiff is not Entitled to Equitable Tolling.

Plaintiff asks this Court to apply the remedy of "equitable tolling" to excuse the statute of limitations violations. The plaintiff bears the burden of persuading the Court that he or she is entitled to equitable tolling. *E.g.*, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

---

[1] Plaintiff asserts in his opposition to Dr. Duffey's motion for judgment on the pleadings that his survivorship claim does not fall under O.R.C. § 2305.113 because it is not a "medical claim." Doc. 127 at 6. The Court rejects this argument because Dr. Duffey is a licensed physician serving as the Jail's medical director and the claim arises out of the medical and mental health treatment Mr. Galloway received while detained in the Jail. *See* O.R.C. § 2305.113(E)(3) (defining "medical claim" for purposes of O.R.C. § 2305.113).

8

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Nevertheless, the Court considers five factors when determining the appropriateness of equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Plaintiff's argument in support of equitable tolling focuses on the third *Truitt* factor. Plaintiff argues that he diligently followed the Court's orders in two ways. First, Plaintiff attempted to file an amended complaint naming Dr. Duffey as a defendant on May 24, 2010. Doc. 127 at 3. Second, after the Court struck this amended complaint on May 25, 2010, he timely filed a motion for leave to file an amended complaint on June 1, 2010. *Id.* at 5. The Court granted this motion on July 7, 2010. Doc. 68. However, on June 21, 2010, during the time the motion pended before the Court, the statute of limitations for the two 42 U.S.C. § 1983 claims and the wrongful death claim expired.[2]

Despite the Court's delay in granting this motion, Plaintiff's failure to properly file an amended complaint naming Dr. Duffey as a defendant for the first time did not arise from a circumstance beyond his control. Indeed, Plaintiff could have avoided this result had he diligently filed an amended complaint on or before May 10, 2010, the original deadline the Court

---

[2] As previously stated, the statute of limitations for the survivorship claim expired on June 21, 2009. Under no circumstances is Plaintiff entitled to equitable tolling on his survivorship claim because he filed his original complaint on December 5, 2009.

set for amending the pleadings. Doc. 49 at 4. Instead, Plaintiff filed a motion for an extension on May 10, 2010. Doc. 57. The basis for this motion was that Plaintiff's three attorneys were out of town. *See* Doc. 57 at 1-2. As such, the Court finds that Plaintiff did not diligently pursue his rights and notes that this case is "yet another classic reminder of the risks that applicants take for no apparent reasons by waiting until the very end of a filing period to initiate their lawsuits." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

Plaintiff also raises the fourth *Truitt* factor, arguing that Dr. Duffey has failed to show that the untimely filing of the amended complaint prejudiced him in any way. Doc. 127 at 5. Indeed, Dr. Duffey does not assert prejudice in his reply to Plaintiff's opposition. *See* Doc. 130. However, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Given the Court's finding that Plaintiff failed to diligently pursue his rights and his failure to raise the first, second, or fifth *Truitt* factors as justifications for violating the statue of limitations, the Court concludes that Plaintiff is not entitled to equitable tolling. *See Fitts v. Eberlin*, 626 F. Supp. 2d 724, 730 (N.D. Ohio 2009) (holding that the inability to show the first, second, or fifth factors above is sufficient to reject equitable tolling).

### 3. These four claims do not relate back to Plaintiff's original complaint.

Under Federal Rule of Civil Procedure 15(c)(1) an amended complaint may relate back to the original complaint when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(C) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:

>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Court finds that the claims raised against Dr. Duffey in Plaintiff's amended complaint do not relate back to the "John Doe" designations in the original complaint. First, Dr. Duffey did not receive notice of the present action within the period provided by Rule 4(m) for serving the summons and complaint. Under Rule 4(m), a plaintiff must serve a defendant within 120 days after the filing of the complaint. Plaintiff filed his original complaint on December 5, 2009. Dr. Duffey did not receive notice of the present action until over seven months later on July 9, 2010, when Plaintiff filed an amended complaint naming Dr. Duffey as a defendant for the first time.

Second, Plaintiff's amended complaint fails to comply with Rule 15(c)(1)(C)(ii). In the Sixth Circuit, substituting a named defendant for a "John Doe" designation is a change in parties, not a mistake concerning a party's proper identity. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The Supreme Court recently held that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2490 (2010). However, *Krupski* did not alter Sixth Circuit reasoning with regard to John Doe situations because "a complete lack of knowledge as to the defendant is not equivalent to a 'mistake' concerning the proper defendant's identity." *Freese v. Cont'l Airlines*, No. 1:08-CV-1070, 2011 WL 2490874, at *4 (N.D. Ohio May 31, 2011); *accord Burdine v. Kaiser*, 3:09-CV-1026, 2010 WL 2606257, at *2 (N.D. Ohio Jun. 25, 2010). Here, Plaintiff simply substituted Dr. Duffey for a John Doe

11

Therefore, based on the above analysis, the Court concludes that the 42 U.S.C. § 1983, 42 U.S.C. § 1983 – *Monell*/failure to train and supervise, wrongful death, and survivorship claims raised against Dr. Duffey in Plaintiff's amended complaint are time-barred.

### B. Plaintiff's claim of spoliation against Dr. Duffey fails as a matter of law.

The fifth claim raised against Dr. Duffey in Plaintiff's amended complaint is for spoliation of Mr. Galloway's medical and mental health records. The Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(a) because this suit involves a federal question under 42 U.S.C. § 1983.

As set forth below, Plaintiff provides no evidence that Dr. Duffey had anything to do with the destruction of his medical records or any other evidence related to this case. However, Plaintiff's claim for spoliation against Dr. Duffey is so insufficiently plead that the Court first examines this claim under the standard for a motion to dismiss.

Under Ohio law, a claim for tortious interference with or destruction of evidence, otherwise known as spoliation, includes the following elements: (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of defendant that litigation exists or is probable; (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts. *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037, 1038 (Ohio 1993).

The heightened pleading requirement of Federal Rule of Civil Procedure 9(b) applies to spoliation claims because these claims are "premised upon a course of fraudulent conduct." *Ferron v. SubscriberBase Holdings, Inc.*, No. 2:08-CV-760, 2009 WL 650731, at *5 (S.D. Ohio Mar. 11, 2009) (citing *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the

12

circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

"In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud 'with particularity,' a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). Rule 8(a)(2) requires a "short and plain statement of the claim," and Rule 8(d)(1) calls for "simple, concise, and direct" allegations. In light of this "liberal" reading of Rule 9(b), plaintiffs are still required, "at a minimum, to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Michaels Bldg. Co.*, 848 F.2d at 679). In addition, a plaintiff must plead fraud with particularity as to each defendant by "establish[ing] a connection between fraudulent acts or statements and each defendant, or . . . establish[ing] facts that inform each defendant of its participation in the fraud." *United States ex rel. Branhan v. Mercy Health System of Southwest Ohio*, 1999 U.S. App. LEXIS 18509, at *31 (6th Cir. Aug. 5, 2009); *Coffey*, 2 F.3d at 161; *Hoover v. Langston*, 958 F.2d 742, 745 (6th Cir. 1992) (holding that the complaint failed to satisfy requirements of Rule 9(b) because it "allege[d] misrepresentations without sufficiently identifying which defendants made them").

In attempting to state a spoliation claim, Plaintiff's amended complaint sets forth nine paragraphs and incorporates other paragraphs by reference. *See* Doc. 69 at 30-32. Therein, Plaintiff generally alleges the time, place, and content of the alleged destruction of Mr. Galloway's medical and mental health records and the resulting frustration of Plaintiff's ability to maintain his claims. *See* Doc. 69 at 30-32.

However, the amended complaint fails to plead spoliation with particularity as to Dr. Duffey. The first paragraph merely states that "one or more Defendants spoliated medical and/or corrections records," without mentioning Dr. Duffey or any other Defendant by name. Doc. 69 at 30. In fact, the only defendants mentioned by name in the nine paragraphs are Mr. Stump and Michael McDonald, the Jail Administrator. *See* Doc. 69 at 31. The nine paragraphs allege that CHCG is responsible for retaining the Jail's medical and mental health records, Doc. 69 at 31, and the referenced paragraphs allege that Dr. Duffey is a subcontractor of CHCG, Doc. 69 at 10. However, the amended complaint fails to establish a connection between the missing records and Dr. Duffey. There is no allegation that Dr. Duffey had contact or responsibility for Mr. Galloway's records or conspired with Mr. Stump or any other Defendant to destroy the records. *See* Doc. 69 at 30-32. Therefore, the Court concludes that Plaintiff's amended complaint fails to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).

Even if Plaintiff's amended complaint pleads sufficient facts for a spoliation claim against Dr. Duffey, Plaintiff fails to provide any evidence that Dr. Duffey destroyed, lost, or otherwise prevented Plaintiff from obtaining Mr. Galloway's medical records. The portion of Plaintiff's opposition to Dr. Duffey's motion for summary judgment that discusses spoliation does not even mention Dr. Duffey. *See* Doc. 179 at 50-51. Moreover, Dr. Duffey testified during his deposition that at no point did he see Mr. Galloway, provide him with medical treatment, or review his medical records. Doc. 118-2 at 133-34. Dr. Duffey also testified that he was not aware of records missing from Mr. Galloway's file, he does not retain medical records for individuals in the Jail, and he does not know who is responsible for keeping such records. *Id.* at 17-18, 123. In light of the complete absence of evidence of spoliation with respect to Dr.

Duffey, the Court concludes that Dr. Duffey is entitled to summary judgment on the spoliation claim raised against him in Plaintiff's amended complaint. Doc. 69.

## V. **CONCLUSION**

The Court GRANTS Defendant Dr. Jeffery Duffey's motion for judgment on the pleadings, as well as his motion for summary judgment as set forth herein. Docs. 118, 160. Accordingly, the Court dismisses Plaintiff's claims against Dr. Duffey.

IT IS SO ORDERED.

DATE: November 18, 2011         /s/ John R. Adams
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT