UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM P. GALLOWAY | ) | CASE NO. 5:09CV02834 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| TIMOTHY A. SWANSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter came before the Court on March 11, 2014 for an evidentiary hearing on Dr. Duffey's Motion for attorney fees (Doc. 194).

Plaintiff's Amended Complaint alleged five claims against Dr. Duffey: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1983 – *Monell*/failure to train and supervise; (3) wrongful death; (4) survivorship; and (5) spoliation. The § 1983 claims and wrongful death claim have a two-year statute of limitations; the survivorship claim is subject to a one-year statute of limitations. The parties agreed that there were three possible dates from which the statutes of limitation could run with the latest date being June 21, 2008. Accordingly, absent application of the relation back doctrine or equitable tolling, the latest date that Plaintiff could timely file a complaint for claims stemming from Steven Galloway's death was June 20, 2009 and June 20, 2010 depending on the claim. On June 1, 2010 Plaintiff moved to file the First Amended Complaint naming for the first time, Dr. Duffey, Dr. Cupala, and Rick Blackwell as defendants. The Court granted Plaintiff leave to file the First Amended Complaint on July 9, 2010.

Defendants Blackwell and Duffey each moved for judgment on the pleadings alleging the claims were barred by statute of limitations as the First Amended Complaint was not filed until July 9, 2010, after the expiration of the limitations period. Plaintiff argued that the Court should

deem the First Amended Complaint filed as of June 1, 2010, the date Plaintiff moved for leave to amend the complaint. Plaintiff cited no case law in support of this argument. Dr. Duffey argued that the date of the filing of the First Amended Complaint should be July 9, 2010 citing *Jackson v. Hoylman*, 1993 U.S. App. LEXIS 31608 and *Engineering & Manufacturing Services, LLC v. Ashton*, 2010 U.S. App. LEXIS 14978. Doc. 130 at 3 ("[A]ccording to the U.S. Sixth Circuit Court of Appeals, a document is deemed as filed "instanter" on the day in which the trial court grants the moving party's motion, not on the day the motion itself was filed.")

On November 18, 2011, the Court granted Dr. Duffey's motion for judgment on the pleadings on the basis that the claims for violation of 42 U.S.C. § 1983, *Monell*/failure to train and supervise, wrongful death and survivorship were filed on July 9, 2010, beyond the statute of limitations. Doc. 191. The Court issued no opinion on the merits of these claims. The spoliation claim was also dismissed on the basis that Plaintiff failed to plead this claim with particularity. Doc. 191. The Court also granted Dr. Duffey's motion for summary judgment on the spoliation claim. Doc. 191.  Plaintiff did not appeal the Court's order dismissing all five claims against Dr. Duffey.

Dr. Duffey filed a motion for attorney's fees as the prevailing party. Doc. 194. Plaintiff opposed the request on the basis that both a legally sufficient and a good faith basis existed for filing the amended complaint against Dr. Duffey. Doc. 198. The Court granted Dr. Duffey's motion on July 5, 2012 but did not at that time determine the amount of the award. Doc. 204 (hereinafter the "Sanctions Order").  The Court found that "the claims against Dr. Duffey in the Amended Complaint were frivolous and lacked legal foundation, and [that] the filing of the § 1983 action against Dr. Duffey constitutes egregious conduct" and awarded sanctions under both § 1988 and the inherent authority of the Court.

Plaintiff's counsel moved this Court to reconsider its Sanctions Order (Doc. 206); this Court denied Plaintiff's counsel's original request (Doc. 208). On May 3, 2013, Plaintiff's counsel again moved this Court to reconsider the Sanctions Order and requested an evidentiary hearing on Dr. Duffey's motion for attorney fees. Docs. 220 and 222. The Court granted Plaintiff's counsel's motion for reconsideration and scheduled a hearing on Dr. Duffy's motion. Doc. 224.

On March 10, 1014, Plaintiff's counsel filed a hearing brief providing legal authority to assist the Court in determining whether Plaintiff's counsel should be sanctioned for instituting and maintaining an action against Dr. Duffey. In that brief, Plaintiff's counsel, for the very first time, provided case law in support of its argument that "if the motion for leave to file an amended complaint is filed within the statute of limitations period and subsequently granted, the amended complaint is timely." Doc. 232 at 4 citing, *inter alia*, *Shillman v. United States,* 221 F.3d 1336, *6 (6th Cir. 2000).

Although the Court finds Plaintiff's newly cited case persuasive, the Court's award of sanctions did not rest solely on the fact that Plaintiff's claims against Dr. Duffey were filed beyond the statute of limitations for the claims. Because of the severity of the pending issue, the Court restates here part of its original basis for awarding sanctions:

> It is clear to the Court that Plaintiff's attempt to bring Dr. Duffey into the litigation was merely Plaintiff throwing everything at the wall and hoping something stuck. Because the Court dismissed Plaintiff's 42 U.S.C. § 1983, wrongful death, and survivorship claims as untimely filed, there was no need to analyze the claims further. However, when focusing on the task of "determin[ing the] plaintiff's basis for filing the suit," the Court looks to the undisputed facts in front of Plaintiff's attorney at the time the Amended Complaint was filed. A review of the filings demonstrates that Plaintiff's claims against Dr. Duffey were frivolous and groundless from the beginning and that Plaintiff continued to litigate these claims against Dr. Duffey despite there being no chance at their success.

The Amended Complaint fails to set forth a basis for the claims against Dr. Duffey.  Even when responding to Dr. Duffey's motions, Plaintiff presented no evidence that Dr. Duffey may be liable under the 42 U.S.C. § 1983, wrongful death, or survivorship claims.  There was no evidence that Dr. Duffey ever had any contact whatsoever with decedent Steven Galloway. There was no evidence that Dr. Duffey trained and/or supervised any individuals alleged to have violated decedent Steven Galloway's civil rights.  Moreover, there was no evidence that Dr. Duffey authored or had final authority over any policies, practices or customs of either Defendant Stark County or Defendant CHCH that are alleged to have been the moving force behind a constitutional violation. The only evidence was that Dr. Duffey is not: (1) a governmental entity; (2) an employee and/or elected official of a governmental entity; (3) a private corporation contracting with a governmental entity; or (4) an employee of a private corporation contracting with a governmental entity. The Court finds that Plaintiff's claims against Dr. Duffey lacked foundation and were frivolous.

Further, Plaintiff had no basis to plead the spoliation claim against Dr. Duffey. The Court earlier recognized Plaintiff's failure to plead spoliation with particularity:

> [T]he amended complaint fails to plead spoliation with particularity as to Dr. Duffey. The first paragraph merely states that "one or more Defendants spoliated medical and/or corrections records," without mentioning Dr. Duffey or any other Defendant by name. Doc. 69 at 30. In fact, the only defendants mentioned by name in the nine paragraphs are Mr. Stump and Michael McDonald, the Jail Administrator. See Doc. 69 at 31. The nine paragraphs allege that CHCG is responsible for retaining the Jail's medical and mental health records, Doc. 69 at 31, and the referenced paragraphs allege that Dr. Duffey is a subcontractor of CHCG, Doc. 69 at 10.
>
> However, the amended complaint fails to establish a connection between the missing records and Dr. Duffey. There is no allegation that Dr. Duffey had contact or responsibility for Mr. Galloway's records or conspired with Mr. Stump or any other Defendant to destroy the records. See Doc. 69 at 30-32. Therefore, the Court concludes that Plaintiff's amended complaint fails to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).

Doc. 191. Plaintiff attempted to name Dr. Duffey as a defendant in this litigation even though there was no reasonable belief or good faith basis that Dr. Duffey could be liable.  Plaintiff deposed Dr. Duffey in September 2010 and he testified that he was not responsible for and did not maintain any medical records for inmates at the Stark County Jail and that he never reviewed any medical records

regarding Steven Galloway. To prevail on a claim for spoliation, a plaintiff must show a willful destruction, alteration or concealment of evidence. At that deposition, Plaintiff should have been aware that the spoliation claim against Dr. Duffey was completely meritless. It appears that Plaintiff recognized that the claim was meritless since Plaintiff's opposition to Dr. Duffey's motion for summary judgment was completely void of any discussion regarding the spoliation claim against Dr. Duffey.

After reviewing all of the pleadings, briefing, and evidence in this matter, the Court finds that Plaintiff's claims against Dr. Duffey were filed without any legal basis and awards Dr. Duffey his reasonable attorney's fees pursuant to § 1988. Plaintiff's counsel forced Dr. Duffey to obtain legal counsel and defend this litigation without any merit to the claims against him. The Court does not make this decision lightly and recognizes the severity of this sanction, but because it finds that Plaintiff's claims against Dr. Duffey lacked foundation from the very beginning, this sanction against Plaintiff's counsel is appropriate.

When the Court scheduled this matter for a hearing, it stated the purpose of the hearing as to "provide the Court with a complete and accurate view of both side's arguments. Accordingly, the parties shall be prepared to present any and all evidence, testimony, and argument in support of their views." Doc. 224 at 2. Specifically, the Court stated that

> The scope of the hearing will be to determine whether Plaintiff's counsel engaged in frivolous conduct and demonstrated bad faith by pursuing the claims against Dr. Duffey and, if so, the amount of attorney's fees warranted. The parties will be expected to present argument, evidence, and testimony during the hearing. In particular, the parties shall present a timeline showing what information regarding Dr. Duffey relevant to this matter was available, or could have been reasonably obtained through public records request, and when such information was obtained. Additionally, Dr. Duffey shall be prepared to present evidence regarding the collateral consequences that occurred as a result of the suit. Finally, to the extent that the fees and costs requested were billed or paid by Dr. Duffey's insurance carrier, the insurance representative must attend the hearing and be prepared to testify regarding the amounts billed and paid and all other matters relevant to Dr. Duffey's motion.

Doc. 224 at 2.

During the evidentiary hearing, counsel for Plaintiff testified at length regarding the basis for instituting and maintaining an action against Dr. Duffey. Counsel for Dr. Duffey presented testimony regarding the fees and costs accrued in defending Dr. Duffey in this litigation. No

evidence was presented regarding the collateral consequences that this case has had for Dr. Duffey.

The initial question that the Court will re-examine in light of the evidentiary hearing is whether Plaintiff's counsel engaged in frivolous conduct and demonstrated bad faith by filing and maintaining the amended complaint against Dr. Duffey.

The Court notes that many of the bases for maintaining claims against Dr. Duffey were not previously argued or set forth in motion practice in this matter.  However, testimony at the evidentiary hearing revealed that underlying facts existed that would support plausible claims against Dr. Duffey.

Plaintiff's counsel had previously litigated two previous matters involving the Stark County Jail. Neither of those matters involved a medical claim. Prior to filing the original complaint, Plaintiff's counsel sent a public records request to Stark County and received a minimal number of medical or mental health records of Mr. Galloway's 2008 incarceration, but learned that the proper entity to obtain additional medical records was CHCG, the medical contractor for the Stark County Jail. Plaintiff's counsel then sent a public records request to CHCG. Ultimately, counsel received about 19 pages of records from CHCG, but many typical records were missing. Significantly, orders from doctors as well as all mental health records that would have been created in connection with Mr. Galloway's care were not provided.[1]  Despite being in communication with CHCG and its counsel, Plaintiff's counsel did not receive any mental health records regarding Mr. Galloway prior to the filing of the initial complaint.

At some point, Plaintiff's counsel received "some" mental health records from CHCG. At that point, counsel remained unaware of the existence of Dr. Duffey.  In order to shed light on the missing records and obtain information regarding their whereabouts and contents, Plaintiff's

---

[1] This eventually led to Plaintiff's claim of spoliation.

counsel sought a 30(b)(6) deposition of CHCG; Plaintiff's counsel then deposed Mr. Jonathan Stump on February 25, 2010, less than three months after the filing of the original complaint. During Mr. Stump's deposition, he identified Dr. Duffey as the Stark County Jail medical director and policy maker for medical and mental health policies. Mr. Stump identified Dr. Duffey as the person responsible for developing and finalizing the policies that guide how care is provide to persons presenting at the Jail with mental health issues. At the conclusion of Mr. Stump's deposition, Plaintiff's counsel reviewed the facts surround Mr. Galloway's death and determined that Dr. Duffey would be a proper defendant in this litigation because of his role as the medical director and policy maker. Plaintiff then filed an Amended Complaint naming Dr. Duffey as a defendant.

On September 14, 2010, Plaintiff deposed Dr. Duffey. During the deposition, counsel learned that Dr. Duffey was directly responsible for all inmate health care in the Stark County Jail, that he was responsible for reviewing and developing all medical policy and procedures within the Jail, and that he was responsible for the care and quality of the nursing and medical staff.

The Court is mindful of the inherent harm that flows to a medical professional being subjected to a lawsuit. Moreover, the Court is also acutely aware that the claims against Dr. Duffey were ultimately unsuccessful. Upon listening to the testimony provided during the hearing, the Court has come to the conclusion that the matter was poorly litigated by Plaintiff's counsel, to say the least. Many of the underlying theories for maintaining the suit against Dr. Duffey were never argued or even disclosed. In fact, Plaintiff's own expert did not name or address Dr. Duffey in his report. At the same time, the Court is mindful that these poor litigation choices, in and of themselves, do not render the underlying suit "frivolous, unreasonable, or

without foundation[.]" *Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011).  Instead, the Court must examine the actual factual basis and legal theories that existed at the time the suit was pending.

Upon consideration, this Court finds that while it objectively disagrees with Plaintiff's decision to file and maintain the suit against Dr. Duffey, it was not done so in bad faith. Further, *Shillman v. United States,* 221 F.3d 1336 provides a rational basis for maintaining the suit after this Court dismissed Plaintiff's claims against Defendant Blackwell as untimely, and Plaintiff has provided a significant subjective basis for maintaining suit.

For the foregoing reasons, the Court hereby VACATES its July 5, 2012 Order (Doc. 204) granting Dr. Duffey's motion for attorney fees.  Upon review of the extensive briefs filed and the in consideration of the testimony presented during the evidentiary hearing, the Court DENIES Dr. Duffey's motion for attorney fees (Doc. 194).

In addition to attorney fees, the original motion sought an award costs as the prevailing party.  The Court recognizes that as a prevailing party, there is a presumption of awarding costs. Dr. Duffey is hereby ORDERED to file a bill of costs in accordance with Fed. R. Civ. P. 54(d)(1) within 7 days and the Court will resolve the issue of costs thereafter.

IT IS SO ORDERED.

March 17, 2014                    */s/ John R. Adams*
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT